IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ARRILLAGA GARCIA,

Plaintiff,

v.

CITIBANK, N.A., et al.,

Defendants.

CIVIL NO. 23-1571 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff María Arrillaga García ("Plaintiff") brought the present case against co-Defendants Citibank, N.A., Hong Kong and Shanghai Banking Corporation Limited ("HSBC Hong Kong"), HSBC Bank USA, N.A. ("HSBC USA") and several unnamed Defendants. Plaintiff avers that her Citibank account was hacked in 2022 and unknown third parties remotely generated unauthorized wiring instructions and transferred $349,000.00 from her Citibank account to an account at HSBC Hong Kong. Plaintiff contends she contacted Citibank but was unable to reverse the fraudulent transaction. As a result, thereof, she lost a significant part of her life savings. She blames Defendants for failing to detect the fraudulent actions, which were irregular and generated unprecedented activity in her accounts and brings forth claims in negligence and under Article 4A of the Uniform Commercial Code "and/or analogous statutes." (Docket No. 1)

Before the Court now is Defendant HSBC USA's "Motion to Dismiss the Complaint and Memorandum in Support Thereof." (Docket No. 15). HSBC USA posits that the Complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and

Case 3:23-cv-01571-CVR    Document 18    Filed 02/01/24    Page 2 of 4

María Arrillaga García v. Citibank,, N.A., et al.
Opinion and Order
Civil 23-1571 (CVR)
Page 2
_____

(6) because the Court lacks personal jurisdiction over it and Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff failed to file an opposition to HSBC USA's motion. Thus, the request to dismiss stands unopposed.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement . . .' Specific facts are not necessary."). In order to "show" an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, not much is required, but a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; see also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a).

Case 3:23-cv-01571-CVR   Document 18   Filed 02/01/24   Page 3 of 4

María Arrillaga García v. Citibank,, N.A., et al.
Opinion and Order
Civil 23-1571 (CVR)
Page 3
_____

Twombly, 550 U.S. at 570, 127 S.Ct. at 1974; see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

**LEGAL ANALYSIS**

After reviewing the Complaint in the present case, the Court agrees with HSBC USA's position that Plaintiff has failed to state a claim against it.  The only allegation in the Complaint specifically directed to HSBC USA is that "Defendant, HSBC Bank USA N.A. ("HSBC USA") is a federally chartered bank, with headquarters and principal place of business located in New York, New York. HSBC USA is the corresponding bank for HSBC Hong Kong."  (Docket No. 1 at ¶ 7).   This is not an allegation but an introductory sentence with information that identifies the parties of the case.   Moreover, the significance of HSBC USA being the "corresponding bank" for HSBC Hong Kong is not explained, nor how this somehow makes HSBC USA liable for the actions complained of.  There is simply no specific allegation as to HSBC USA in the Complaint.  This is plainly insufficient under the pleading's requirements.

Additionally, Plaintiff's two asserted causes of action for negligence and for violations to Article 4A of the Uniform Commercial Code lump together all three Defendants and simply "incorporate by reference" all the allegations of the Complaint and aver, in very general terms, that Defendants were negligent without offering other specific facts to sustain the allegations.  For example, there is no mention in the Complaint that HSBC USA engaged in any wrongdoing, that it somehow received or managed the funds transferred from Plaintiff's account, or any explanation as to how its actions (or inaction) caused Plaintiff any harm.

In sum, the Complaint fails to plead any facts whatsoever against HSBC USA and

María Arrillaga García v. Citibank,, N.A., et al.
Opinion and Order
Civil 23-1571 (CVR)
Page 4
_____

thus fails to assert any actionable claim for relief against this Defendant. See Iqbal, 556 U.S. at 663, 129 S.Ct. at 1940 (a complaint "must contain sufficient factual matter"); Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (a court will "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"); González-Camacho v. Banco Popular de Puerto Rico, 318 F. Supp. 3d 461, 494 (D.P.R. 2018) (finding that "[parties have] an affirmative responsibility to put [their] . . . best foot forward in an effort to present a legal theory that will support [their] . . . claim", and dismissing all claims at the motion to dismiss stage).

In view of the above, the Court finds Plaintiff has failed to plead sufficient facts to state a claim upon which relief can be granted against HSBC USA. Since the Court is dismissing the case against this Defendant on this basis, there is no need to reach HSBC USA's second argument, to wit, that the Court lacks personal jurisdiction over it.

## CONCLUSION

For the foregoing reasons, HSBC USA's Motion to Dismiss is GRANTED. (Docket No. 15). All claims against HSBC USA are hereby DISMISSED WITH PREJUDICE.

Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 1st day of February 2024.

                                               S/CAMILLE L. VELEZ-RIVE
                                               CAMILLE L. VELEZ RIVE
                                               UNITED STATES DISTRICT JUDGE